UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MACIE MORVANT | CIVIL ACTION NO. 6:21cv-03553 |
| VERSUS | JUDGE JUNEAU |
| LANDSTAR RANGER, INC., ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is the motion to remand (Rec. Doc. 6) that was filed by the plaintiff, Macie Morvant. The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be denied.

## Background

This lawsuit began in the 16th Judicial District Court, St. Martin Parish, Louisiana. The plaintiff alleged in her petition that she was injured on August 11, 2020, when she was involved in an automobile accident. She alleged that the accident was caused by the negligence of Gerard M. Greenhouse, who was allegedly employed by Landstar Ranger, Inc. and insured by Old Republic Insurance Company. She sued Mr. Greenhouse, Landstar, and Old Republic. She also sued her alleged uninsured/underinsured carrier, Allstate Insurance Company. Mr.

Greenhouse, Landstar, and Old Republic removed the suit to this forum, with Allstate's consent.

The plaintiff responded to the removal notice with the instant motion to remand, arguing that the removing defendants failed to establish that the amount-in-controversy requirement is satisfied in this case.

## Law and Analysis

Federal district courts are courts of limited jurisdiction[1] with original subject-matter jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. § 1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332. In this case, the removing defendants alleged that the parties are diverse in citizenship and that the amount in controversy exceeds the statutory minimum. The removing parties bear the burden of establishing diversity jurisdiction.[2] "Any ambiguities are construed against removal and in favor of remand to state court,"[3] and remand of an action is

---

[1] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)).

[2] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[3] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d at 397; *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4]

A.   **Diversity of Citizenship**

This Court finds that the parties to this suit are diverse in citizenship. Along with their removal notice, the removing defendants submitted evidence showing that Mr. Greenhouse is a California citizen, Landstar is a citizen of Delaware and Florida, Old Republic is a citizen of Pennsylvania and Illinois, and Allstate is a citizen of Illinois. Since the plaintiff is a Louisiana citizen, the parties are diverse. Notably, Ms. Morvant did not argue that the parties are not diverse in citizenship.

B.   **The Amount in Controversy**

Ms. Morvant argued that this case should be remanded because the removing defendants failed to establish that the amount in controversy exceeds the jurisdictional minimum. The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[5] To justify

---

[4]   28 U.S.C. § 1447(c).

[5]   *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[6]

In accordance with Louisiana law, Ms. Morvant's petition did not seek the recovery of a specific amount of damages. Louisiana Code of Civil Procedure Article 893(A)(1) states that no specific amount of monetary damages shall be included in a plaintiff's petition. Therefore, Ms. Morvant was prohibited by state law from requesting a specific amount of damages when she initiated this lawsuit. The same statute also states, however, that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required." No such general allegation was set forth in Ms. Morvant's petition. Ms. Morvant's failure to include such a jurisdictional allegation in her petition is a factor supporting a finding that the jurisdictional amount is satisfied, but must be considered in the light of other relevant evidence.[7] Some courts have even held that the failure to include such an allegation creates a

---

[6] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[7] See, e.g., *Borill v. Centennial Wireless, Inc.*, 872 F.Supp.2d 522, 28 (W.D. La. 2012); *Clayton v. Am. Sec. Ins. Co.*, 466 F.Supp.2d 720, 723 (M.D. La. 2006) ("The fact that the plaintiff did not make the jurisdictional allegation required by La. Code Civ. P. art. 893(A)(1) supports the conclusion that the jurisdictional amount is satisfied."); *Neely v. Ashton*, No. 18-cv-0517, 2018 WL 3422784, at *2 (W.D. La. May 31, 2018), report and recommendation adopted, 2018 WL 3420818 (W.D. La. July 13, 2018).

strong presumption in favor of federal-court jurisdiction.[8] But failing to include an Article 893 allegation is not dispositive.[9]

The Fifth Circuit has articulated "a clear analytical framework for evaluating jurisdiction for cases filed in Louisiana state courts, with no monetary amount of damages asserted, when they are removed to federal court on the basis of diversity."[10] The removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, and this burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, in the removal petition or an affidavit, e.g., with summary-judgment-type evidence, that support a finding of the requisite amount.[11] "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that

---

[8] See, e.g., *Sonnier v. Republic Fire & Cas. Ins. Co.*, No. 06-1554, 2006 WL 3924238, at *1 (W.D. La. Nov. 22, 2006); *Malone v. Scottsdale Ins. Co.*, No. 12-1508, 2012 WL 6632440, at *4 n. 10 (E.D. La. Dec. 19, 2012).

[9] *Weber v. Stevenson*, No. 07-595-JJB-DLD, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) "the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy.").

[10] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

[11] *Simon v. Wal-Mart*, 193 F.3d at 850; *Luckett v. Delta Airlines,* 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

the actual amount in controversy exceeds [the jurisdictional amount]."[12] Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[13] Any doubts as to the propriety of removal should be construed strictly in favor of remand.[14]

In this case, the amount in controversy was not apparent on the face of the plaintiff's petition. The petition's vague allegations did not explain the type of personal injuries sustained by Ms. Morvant in the accident, the amount of medical expenses she incurred before the suit was filed, or how much time she lost from work because of her injuries. However, in support of their removal notice, the removing defendants submitted the plaintiff's response to a request for admission and the plaintiff's pre-removal settlement demand, both of which support the conclusion that the amount in controversy is greater than $75,000.

Old Republic propounded a request for admission, asking the plaintiff to "[p]lease admit or deny that your damages in this matter are less than $75,001.01,

---

[12] *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

[13] *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[14] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d at 723.

exclusive of interest and costs."[15] Ms. Morvant denied the request, thus affirmatively admitting that her claimed damages exceed the jurisdictional minimum. Under Fed. R. Civ. P. 56(c)(1), such an admission is summary-judgment-style evidence. This admission, without more, would be sufficient to establish that the amount-in-controversy requirement is satisfied. This is not a situation in which the plaintiff refused to enter into a stipulation regarding the amount in controversy or refused to admit that her damages are less than $75,000.[16] Instead, the plaintiff's response to the request for admission clearly signaled that she is seeking to recover more than $75,000. But that is not all the evidence that was submitted.

The removing defendants also submitted a copy of a letter, authored by the plaintiff's counsel, which predated the removal and offered to settle Ms. Morvant's claim for $135,635.13.[17] In her briefing, Ms. Morvant did not attempt to disclaim this letter in any way, did not question its authenticity, and did not argue that the letter was mere puffery. Therefore, the letter constitutes relevant evidence. "While the Fifth Circuit has not conclusively addressed the issue of whether a pre-removal

---

[15] Rec. Doc. 1-4.

[16] *McFarland v. National Interstate Insurance Company*, No. 21-314-JWD-EWD, 2021 WL 2270678, at *3-4, n. 28 (M.D. La. June 3, 2021) (citing *Rodney v. Waffle House, Inc.*, No. 18-481, 2018 WL 6829041, at *8 (M.D. La. Oct. 22, 2018), report and recommendation adopted, No. 18-481, 2018 WL 10809995 (M.D. La. Dec. 18, 2018) (a plaintiff is under no legal obligation to stipulate that the amount in controversy is less than $75,000, and the failure to stipulate is one factor the court may consider when analyzing the amount in controversy)).

[17] Rec. Doc. 1-5.

settlement demand letter can be considered as relevant evidence of the amount in controversy, 'it can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.'"[18] District courts throughout Louisiana have often acknowledged that such pre-suit offers or demands are "valuable evidence" in determining the amount in controversy.[19] This Court has no reason to believe that the demand letter from Ms. Morvant's counsel was anything other than an honest assessment of the value of her claim.

Thus, the removing defendants submitted two significant types of evidence – both of which originate with the plaintiff herself – that support the conclusion that the amount in controversy exceeds $75,000. Most important, the plaintiff did not offer to stipulate that her damages, at the time of removal, were less than $75,000. If she had done so, the case could not have been removed. But if Ms. Morvant were to file a stipulation agreeing to accept less than $75,000 now, her action would not divest the court of jurisdiction unless she made it clear that she sought less than

---

[18] *Clay v. State Farm Mutual Automobile Insurance Company*, No. 19-263-JWD-RLB, 2019 WL 5616897, at *3, n. 2 (M.D. La. Oct. 15, 2019), report and recommendation adopted, 2019 WL 5596407 (M.D. La. Oct. 30, 2018) (quoting *McGlynn v. Huston*, 693 F.Supp.2d 585, 595, n. 8 (M.D. La. 2010)).

[19] *Lowrie v. Wal-Mart*, No. 15-cv-2080, 2015 WL 9685508, at *2 (W.D. La. Dec. 1, 2015) (collecting cases).

8

$75,000 at the time of removal,[20] which would be at odds with her response to the request for admission and at odds with her attorney's demand letter.

Ms. Morvant argued that this Court should review certain "key factors"[21] to determine the amount in controversy, including the extent and duration of the plaintiff's injuries and medical treatment, the amount of her medical expenses, the value of necessary future medical treatment, and other categories of damages. Had any such information been set forth in the petition, it would have been evaluated in determining whether the amount in controversy was facially apparent. But no such information was included in the petition.

Now, the plaintiff argues that the nature of her injuries are such that the "Defendants have not supplied the Court with citations to any cases wherein Louisiana plaintiffs with symptoms and treatment similar to that of Ms. Morvant received damage awards in excess of $75,000.00."[22] But the removing defendants had no duty to do so. Instead, they "had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the

---

[20] See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. at 292 (holding that when a plaintiff "after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[21] Rec. Doc. 6-1 at 5.

[22] Rec. Doc. 6-1 at 6.

9

amount in controversy exceeded $75,000."[23] By submitting the plaintiff's answer to the request for admission and the plaintiff's pre-removal settlement demand, the removing defendants met that burden. Therefore, on the record as it exists at this time, this Court finds that the removing defendants satisfied their burden of establishing that the amount in controversy exceeds the jurisdictional threshold.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion to remand (Rec. Doc. 6) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

---

[23]   *Simon v. Wal-Mart*, 193 F.3d at 851.

findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[24]

Signed at Lafayette, Louisiana, this 19th day of November 2021.

                                               PATRICK J. HANNA
                                               UNITED STATES MAGISTRATE JUDGE

---

[24] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).